UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-CV-00299

| | |
|---|---|
| JANA CHURCHWELL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CONCORD <br><br> Defendant | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

NOW COMES the Defendant, City of Concord, by and through the undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, and submits this Memorandum of Law in support of its Motion for Summary Judgment. For the reasons set forth below, Defendant requests that the Motion be allowed and that Plaintiff's claims be dismissed.

## STATEMENT OF THE NATURE OF THE CASE

This matter arises out of the termination of Plaintiff's employment with the City of Concord when she failed to return to work after her approved leave had ended. Plaintiff filed her Complaint on April 3, 2017, alleging two claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., as amended by the Americans with Disabilities Act Amendments Act of 2008. Defendant filed an Answer on June 2, 2017, denying all allegations of wrongdoing and asserting a number of affirmative defenses. A Rule 26 scheduling order was entered on July 7, 2017, and the parties engaged in a period of discovery, which ended on March 1, 2018. Defendant now moves for summary judgment as to all claims.

## QUESTIONS PRESENTED

1. Does the forecast of evidence show that Plaintiff was not discriminated against based on a disability?

2. Does the forecast of evidence show that Defendant provided Plaintiff with reasonable accommodations?

## STATEMENT OF FACTS

Plaintiff was employed by Defendant as a project engineer from 2001 until she was terminated on July 6, 2015. (D.E. 1 Complaint ¶ 6, 7). In 2007, Plaintiff began suffering from various medical issues, including chronic migraines, which caused her to miss a significant amount of time away from work (D.E. 1 Complaint ¶ 9, 10). Beginning in 2007 and through her termination date, Plaintiff sought and the City granted FMLA leave each and every time that she needed to be away from work for medical reasons. (D.E. 1 Complaint ¶ 10; Plaintiff's depo., pp. 38-39, 44-45, 48-49).

In the spring of 2015, Plaintiff was out of work intermittently up through June 2015 and then was out of work continuously for all of June 2015 through her termination date, except for working 3-4 hours on June 15, 2015. (Plaintiff Depo., pp. 76-79; Exhibit 19). On June 5, 2015, Tracee Hicklin-Alsbrooks, in the City's Human Resources Department, notified Plaintiff in writing that she only had 22.5 hours of FMLA leave time remaining. Ms. Hicklin-Alsbrooks also sent Plaintiff the City's ADA Reasonable Accommodation Request Questionnaire and Information Form in case Plaintiff wished to request an accommodation. Ms. Hicklin-Alsbrooks told Plaintiff that the form needed to be returned to the Human Resources Department by June 20, 2015. (Plaintiff Depo., pp. 65-66; Exhibit 15). On June 15, 2015, Ms. Hicklin-Alsbrooks sent Plaintiff another letter advising her that her FMLA leave had expired on June 12, 2015, and reminded

2

Plaintiff that the ADA form needed to be returned by June 20, 2015. (Plaintiff Depo., pp. 70-71; Exhibit 16).

On June 16, 2015, Plaintiff completed and returned her portion of the ADA form to Ms. Hicklin-Alsbrooks. Plaintiff stated that she had given her treating physician his portion of the form on June 11, 2015 but that he had not yet completed the form. (Plaintiff Depo., pp. 58-59; Exhibit 13). On the form, Plaintiff requested the following accommodations related to her chronic migraines:

1. If in the office and come down with symptoms, may need to leave;
2. If at home and having symptoms or medication side effects, may need to stay away from office;
3. I may need to leave office for Doctor's appointments or treatment therapies, or for medication at pharmacy;
4. I may need to avoid being in extreme temperatures for extended lengths of time.

(Exhibit 13). Significantly, none the Plaintiff's requests for accommodation included a request that she be allowed a continued absence from work.

On June 19, 2015, Plaintiff's treating physician, Dr. Joseph Davis, completed the healthcare provider portion of the ADA form and indicated that Plaintiff needed the following accommodation: "None." Dr. Davis also indicated, however, that Plaintiff may need medical leave "1 day per every 2 weeks or less." (Pittman-Edwards depo., p. 38; Exhibit 9; Plaintiff depo. pp. 63-64; Exhibit 14).

On June 24, 2015, Ms. Hicklin-Alsbrooks sent Plaintiff a letter indicating that based on the medical information received from Plaintiff's doctor, the City would accommodate the ADA Reasonable Accommodations noted on the form and that she was expected to return to work on Friday, June 26, 2015. (Pittman-Edwards depo., pp. 37-38; Exhibit 8). Plaintiff did not return to work; nor did she provide the City with any medical note indicating that she could not return to work for some reason related to a disability or any other reason. (Plaintiff depo., pp. 79-81; Exhibit

3

4818-0177-1104, v. 1

Case 1:17-cv-00299-CCE-JLW Document 17 Filed 03/31/18 Page 3 of 14

19).

Because Plaintiff failed to return to work on June 26, 2015, and remained absent from work without authorization through July 1, 2015, Plaintiff's supervisor, Sue Hyde, sent Plaintiff a Notice of Pre-Disciplinary Conference to be conducted on July 2, 2015 for her violation of the City's absence without leave policy. (Hyde depo., p. 47; Exhibit 2). In fact, Plaintiff had been absent from work without authorization since at least June 16, 2015. (Hyde depo., p. 47; Exhibit 2). On July 6, 2015, following the pre-disciplinary conference, Ms. Hyde sent Plaintiff a letter terminating her employment for violation of the absence without leave policy, having been absent from work without authorization. (Hyde depo., pp. 49-50; Exhibit 3). Pursuant to City policy, Plaintiff filed a grievance concerning the termination. However, she failed to show up for the hearing before the Personnel Committee and withdrew the grievance (Plaintiff depo., p 108-109).

Separate from her request for accommodation that was sent to Ms. Hicklin-Alsbrooks, on June 17, 2015, Plaintiff completed a Leave Without Pay Request form, asking that she be granted an additional 30-day leave between June 17, 2015 and July 16, 2015. Plaintiff did not give any reason for the request and did not indicate that it was related to a disability. Plaintiff sent the form only to Ms. Hyde. (Hyde depo., pp. 39-40; Exhibit 1; Plaintiff depo., p. 71). City of Concord policy allows an employee who has exhausted all earned and accumulated leave to request additional leave without pay not to exceed 30 days. Approval of the additional leave is at the discretion the Department Head if the absence will not restrict the mission of the Department. (Hyde depo., pp. 39-40; Exhibit 1). Later on June 17, 2015, after considering Plaintiff's request and considering how the request would affect the Department, Ms. Hyde notified Plaintiff that she was unable to grant the request based on the number of projects and other work in the Department and the need to have Plaintiff back at work. (Hyde depo., pp. 42-46; Exhibit 1). Plaintiff did not

4

4818-0177-1104, v. 1

file a grievance of Ms. Hyde's decision.

## ARGUMENT

### Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted when the pleadings, responses to discovery, depositions, and declarations, if any, establish that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Schulze v. Meritor Automotive, 163 F.Supp.2d 599, 608 (W.D.N.C. 2000). Once the moving party has met that burden, the nonmoving party has the burden of persuasion and must come forward with specific facts showing that there is a genuine issue for trial. Schulze, 163 F.Supp.2d at 608. In considering the evidence, all reasonable inferences must be drawn in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

However, allegations and denials are insufficient to establish a genuine issue of material fact and "[o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. "The mere existence of a scintilla of evidence in support of the Plaintiff's position [is] insufficient; there must be evidence on which the [factfinder] could reasonably find for the Plaintiff." Id. at 252. Therefore, the Plaintiff must offer more than speculation to defeat summary judgment. Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 57-58 (4th Cir. 1995).

Any inferences to be drawn from the underlying facts contained in affidavits, deposition transcripts, and attached exhibits must be viewed in the light most favorable to the party opposing summary judgment. Nevertheless, "permissible inferences must still be within the range of

5

4818-0177-1104, v. 1

Case 1:17-cv-00299-CCE-JLW Document 17 Filed 03/31/18 Page 5 of 14

reasonable probability, and it is the duty of the court to withdraw the case from the jury" when such inferences depend on speculation and conjecture. Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted).

I. **THERE IS INSUFFICIENT EVIDENCE TO SUPPORT PLAINTIFF'S CLAIM THAT SHE WAS TERMINATED BECAUSE OF A DISABILITY.**

In a claim for wrongful termination under the ADA, to survive a motion for summary judgment, the employee must produce evidence sufficient for a factfinder to conclude that (1) she "was a qualified individual with a disability"; (2) she "was discharged"; (3) she "was fulfilling [her] employer's legitimate expectations at the time of discharge"; and (4) "the circumstances of [her] discharge raise a reasonable inference of unlawful discrimination." Graves v. Bank of Am., N.A., 54 F. Supp. 3d 434, 439 (M.D.N.C. 2014) (quoting Reynolds v. Am. Nat'l. Red Cross, 701 F.3d 143, 150 (4th Cir. 2012)); Rohan v. Networks Presentations LLC, 375 F.3d 266 (4th Cir 2012). Failure to support any element will doom a claim on summary judgment. Id.

If the employee is able to establish such a prima facie case, the burden then shifts to the employer to articulate a legitimate non-discriminatory reason for the adverse employment action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Gillins v. Berkeley Elec. Co-op., Inc., 148 F.3d 413, 415–16 (4th Cir. 1998). If the employer does so, the burden then shifts back to the employee to demonstrate that the employer's stated reason was merely pretextual and that the employer was motivated, in fact, by a discriminatory purpose. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993) ("[A] reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason."

Here, Plaintiff cannot set forth a *prima facie* case for discrimination for two reasons. First, she was not fulfilling the City's legitimate expectations; and second, she was not terminated under circumstances that raise an inference of unlawful discrimination.

6

4818-0177-1104, v. 1

The undisputed evidence in this case demonstrates that Plaintiff was terminated because she did not return to work, and remained absent from work without authorization or leave from at least June 16, 2015 through her date of termination on July 6, 2015, even though her treating physician had not authorized the absence and had only indicated that she "may' need to be out of work "one day every two weeks or less." Clearly showing up at work is a legitimate expectation of an employer. Here, Plaintiff simply did not show up for work. Her FMLA leave expired on June 12, 2015. She returned to work for only a few hours on June 15, 2015, and then never reported to work again. Further, she never provided the City with any information from a medical provider that indicated that she could not work for some reason related to a disability or any other reason. When the City received the note from her treating physician that indicated that Plaintiff did not need any accommodation and that she may need to be out of work once every two weeks at the most, the City told Plaintiff that it would provide the suggested accommodation and that it looked forward to her return to work on June 26, 2015. The City had a legitimate expectation that she would return to work at that time. However, Plaintiff did not return and did not ever provide a medical excuse. As a result of these continued absences without leave, Plaintiff's employment was terminated.

Second, there is no evidence that Plaintiff was terminated under circumstances that raise an inference of unlawful discrimination. In fact, the evidence shows just the opposite. There is no dispute that from 2007 until mid-2015 each and every time that Plaintiff had a medical reason to be out of work the City allowed her to be out of work. She applied for and received leave under the FMLA. The City accommodated her need to be out of work as allowed by the FMLA and as was recommended by her treating physician. In addition, the City granted the requested accommodation as outlined by her doctor in June 2015. Finally, Plaintiff saved and produced a

7

4818-0177-1104, v. 1

Case 1:17-cv-00299-CCE-JLW Document 17 Filed 03/31/18 Page 7 of 14

text message from her supervisor, Sue Hyde, dated June 22, 2015, where Ms. Hyde offered to go to the grocery store for Plaintiff, and Plaintiff testified that, "Sue was just acting in kindness because Sue is a kind person." (Plaintiff depo. 111; Exhibit 23). It certainly cannot be said that Ms. Hyde, who had been supervising Plaintiff since 2005 and who made the decision to terminate Plaintiff's employment, was acting with an unlawful or discriminatory purpose.

Even if plaintiff could set forth a *prima facie* case of discrimination, which is again denied, her claim fails because the City set forth a legitimate, nondiscriminatory reason for the termination of her employment – her continued unexcused absences from work. Disability discrimination may be proven through direct and indirect evidence or through the *McDonnell Douglas* burden-shifting framework. See Raytheon Co. v. Hernandez, 540 U.S. 44, 49–50 & n. 3, 124 S.Ct. 513, 157 L.Ed.2d 357 (2003). The Fourth Circuit has held that, to establish that an employer's justification is pretext for discrimination, a plaintiff must prove "both that the reason was false, and that discrimination was the real reason' for the challenged conduct." DeJarnette v. Corning Inc., 133 F.3d 293, 298 (4th Cir. 1998) (quoting Jiminez v. Mary Washington Coll., 57 F.3d 369 (4th Cir. 1995)); see also Gillins v. Berkeley Elec. Coop., Inc., 148 F.3d 413 (4th Cir. 1998) (stating that "[t]his court has adopted what is best described as the 'pretext-plus' standard for summary judgment in employment discrimination cases").

Therefore, to defeat summary judgment, Plaintiff must bring forth evidence upon which a reasonable jury could find by a preponderance of the evidence that Defendant's proffered reason— Plaintiff's continued unexcused absences from work—was false. See E.E.O.C. v. Nw. Structural Components, Inc., 822 F. Supp. 1218, 1221 (M.D.N.C. 1993) (finding that "[p]laintiff has evidence that directly contradicts Defendant's reason for not rehiring her and all the other evidence pertaining to the disputed facts suggests pretext as well"). In addition, "it is irrelevant whether in

8

4818-0177-1104, v. 1

Case 1:17-cv-00299-CCE-JLW Document 17 Filed 03/31/18 Page 8 of 14

fact plaintiff was guilty of such conduct; it matters only that the employer subjectively believed that this was so. The ADA does not require courts to second guess employer's determinations of misconduct (e.g., whether an employer accurately concluded that an employee had misbehaved); rather, the ADA demands only that courts find that the employer's determinations were not driven by discriminatory intentions." Shiflett v. GE Fanuc Automation Corp., 960 F. Supp. 1022, 1030 (W.D. Va. 1997), aff'd, 151 F.3d 1030 (4th Cir. 1998). "It is the perception of the decision maker which is relevant." Graves v. Bank of Am., N.A., 54 F. Supp. 3d 434, 440 (M.D.N.C. 2014) (quoting Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980)).

While Plaintiff's claim fails because she cannot articulate a *prima facie* case of discriminatory discharge, her claim also fails because she cannot show that the City's legitimate, non-discriminatory reason for termination was a pretext for discrimination. The evidence shows that Plaintiff did not return to work after her FMLA leave ran out, after the City told her that it would accommodate her physician's suggested accommodation, or after the City expected her to return to work on June 26, 2015. The only medical information that Plaintiff provided to the City was the ADA Accommodation Form where her treating physician indicated only that she may need to be out of work one day out of every two weeks at the most. The City agreed that they would accommodate that need and by letter dated June 24, 2015, notified Plaintiff that they would do so.

In contrast, Plaintiff has offered nothing other than her own unfounded speculation in support of her claim, which is simply not sufficient to defeat summary judgment. Shiftlett, 960 F.Supp. 1022 at 1031. Plaintiff is unable to show that the reason for her termination was false or was some type of pretext to fire her due to a disability. As such, Plaintiff's First Claim for Relief must be dismissed.

9

4818-0177-1104, v. 1

Case 1:17-cv-00299-CCE-JLW Document 17 Filed 03/31/18 Page 9 of 14

## II. THERE IS INSUFFICIENT EVIDENCE TO SUPPORT PLAINTIFF'S CLAIM THAT SHE WAS DENIED A REASONABLE ACCOMMODATION.

To establish a *prima facie* case of failure to accommodate under the ADA, Plaintiff must show "(1) that she was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of her disability; (3) that with reasonable accommodation she could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations." Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013) (citation omitted). If the Plaintiff proves the elements of his failure-to-accommodate claim, the employer can avoid liability if it can show that the proposed accommodation will cause undue hardship. Reyazuddin v. Montgomery Cty., 789 F.3d 407, 414 (4th Cir. 2015) (internal quotation marks omitted).

The third element of a failure-to-accommodate claim requires an inquiry into the essential functions of the relevant position. In the context of the ADA, "[n]ot all job requirements or functions are essential." Jacobs, 780 F.3d at 579. Instead, essential functions are those "that bear more than a marginal relationship to the job at issue[.]" Tyndall v. Nat'l Educ. Ctrs. Inc. of Cal., 31 F.3d 209, 213 (4th Cir. 1994) (citation omitted). A job function is essential when "the reason the position exists is to perform that function," when there aren't enough employees available to perform the function, or when the function is so specialized that someone is hired specifically because of his or her expertise in performing that function. 29 C.F.R. § 1630.2(n)(2); see Jacobs, 780 F.3d at 579. The ADA identifies two factors that inform whether a particular function is essential to a position: (1) the employer's judgment of the essential functions, and (2) any written job description, if prepared ahead of advertising or interviewing candidates for a position. See 42 U.S.C. § 12111(8).

10

4818-0177-1104, v. 1

Case 1:17-cv-00299-CCE-JLW Document 17 Filed 03/31/18 Page 10 of 14

But "even if a plaintiff is unable to perform an essential function of the job, the court must nevertheless determine whether the person could do the job with reasonable accommodation." Lamb v. Qualex, Inc., 33 F. App'x 49, 59 (4th Cir. 2002). The burden of identifying an accommodation that would allow a qualified individual to perform the job rests with the plaintiff, as does the ultimate burden of persuasion in demonstrating that such an accommodation is reasonable. Id. Once the plaintiff has met his burden of proving that a reasonable accommodation exists, the employer may present evidence that the plaintiff's requested accommodation imposes an undue hardship on the employer. Id.; see 42 U.S.C. § 12112(b)(5)(A).

The term "reasonable accommodation" means "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability . . . to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).

Plaintiff's claim fails for two reasons. First, Plaintiff submitted her request for accommodation to the Human Resources Department on June 16, 2015 and requested four accommodations. None of her four accommodation requests included a request to be out of work for the remainder of the month or even a request to be out of work for a specific period of time. Regardless, an employer is not required to accommodate an employee in any manner that the employee desires. See Stewart v. Happy Herman's Cheshire Bridge Inc. 117 F.3d 1278 (11th Circuit 1997); Lewis v. Zilog, 908 F.Supp 931 (1995). When Plaintiff's treating physician submitted his portion of the ADA accommodation request, he indicated that Plaintiff did not need any accommodation but *may* need to be out of work one day out of every two weeks or less. Subsequently, the City agreed to the requested accommodation. However, Plaintiff refused to return to work when she was notified of the approval and the expectation that she return to work

11

on June 26, 2015. Again, Plaintiff's request for accommodation never included a request to be out of work for an extended period of time. Her treating physician did not recommend that course of action but certainly could have if he thought it was necessary.

Second, Plaintiff's claim fails because her request made to her supervisor, Sue Hyde, on June 17, 2015, for an additional 30 days of leave was not made as a request for an accommodation related to some disability. In fact, no reason was given for the request. There is no indication in the request that Plaintiff required additional leave due to a disability, and in fact there is no medical evidence that she needed additional leave related to a disability. Regardless, the denial of the request was based on a legitimate, non-discriminatory business reason. As Ms. Hyde explained in her deposition and in her email to Plaintiff, the denial of the request was based solely on the work needs of the Department. Further, as indicated above, there is no evidence that Ms. Hyde had any discriminatory animus towards Plaintiff. In fact, she had always accommodated Plaintiff's requests over the past 10 years that she had supervised Plaintiff. Plaintiff's claim fails and her Second Claim for Relief should be dismissed.

## **CONCLUSION**

For the above-stated reasons, among others, the Defendant's Motion for Summary Judgment should be GRANTED, and Plaintiff's claims should be DISMISSED WITH PREJUDICE.

This is the 31st day of March, 2018.

                                                   CRANFILL SUMNER & HARTZOG LLP

                                        BY:   /s/ Patrick H. Flanagan
                                                        PATRICK H. FLANAGAN
                                                        State Bar No. 17407
                                                        Attorneys for Defendants
                                                        Post Office Box 30787

4818-0177-1104, v. 1

Charlotte, North Carolina 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994

4818-0177-1104, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Kirk J. Angel
kirk@theangellawfirm.com
*Attorney for Plaintiff*

Maranda J. Freeman
freemanmj@concordnc.gov
*Attorney for Defendant*

**CRANFILL SUMNER & HARTZOG LLP**

BY:   /s/Patrick H. Flanagan
       PATRICK H. FLANAGAN, State Bar #17407
       *Attorney for Defendant*
       Post Office Box 30787
       Charlotte, North Carolina 28230
       Telephone: (704) 332-8300
       Facsimile: (704) 332-9994
       phf@cshlaw.com

14

4818-0177-1104, v. 1

Case 1:17-cv-00299-CCE-JLW Document 17 Filed 03/31/18 Page 14 of 14