UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-CV-00299-CCE-JLW

| | |
|---|---|
| JANA CHURCHWELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CONCORD )<br>)<br>Defendant )<br>)<br>) | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

NOW COMES the Defendant, City of Concord, by and through the undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, submits this Response in Opposition to Plaintiff's Motion for Partial Summary Judgment. For the reasons set forth below, Defendant requests that the Plaintiff's Motion be denied.

**STATEMENT OF THE NATURE OF THE CASE**

This matter arises out of the termination of Plaintiff's employment with the City of Concord after she failed to return to work after her approved leave had ended. Plaintiff filed her complaint on April 3, 2017, alleging two claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., as amended by the Americans with Disabilities Act Amendments Act of 2008. Defendant filed an answer on June 2, 2017, denying all allegations of wrongdoing and asserting a number of affirmative defenses. A Rule 26 scheduling order was entered on July 7, 2017, and the parties engaged in a period of discovery, which ended on March 1, 2018.

This matter currently is before the Court on cross motions for summary judgment. Plaintiff filed her Motion for Summary Judgment and Memorandum of Law in Support on March 30, 2018 [D.E. 14, 15]. Defendant thereafter filed its Motion for Summary Judgment and Memorandum of Law in support on March 31, 2018 [D.E. 16, 17]. Defendant respectfully submits this Response in Opposition to Plaintiff's Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7.2 of the Local Rules of Practice and Procedure for the Middle District of North Carolina. As explained below, Plaintiff's Motion for Summary Judgment should be DENIED and summary judgment should be entered in favor of the Defendant.

## STATEMENT OF FACTS

Plaintiff was employed by Defendant as a project engineer from 2001 until she was terminated on July 6, 2015. (D.E. 1, Complaint ¶ 6, 7). In 2007, Plaintiff began suffering from various medical issues including chronic migraines which caused her to miss significant time away from work (D.E. 1, Complaint ¶ 9, 10). Beginning in 2007, through her termination date, Plaintiff sought and was granted FMLA leave by the City every time that she medically needed to be away from work. (D.E. 1 Complaint ¶ 10; D.E. 17-2, pp. 3-5).

In the spring of 2015, Plaintiff was out of work intermittently and then out of work continuously for all of June 2015 through her termination date, except for working 3-4 hours on June 15, 2015. (D.E. 17-2, pp. 10-11; D.E. 17-14). On June 5, 2015, Tracee Hicklin-Alsbrooks, in the City's Human Resources Department, notified Plaintiff in writing that she only had 22.5 hours of FMLA leave time remaining. Ms. Hicklin-

Alsbrooks also sent Plaintiff the City's ADA Reasonable Accommodation Request Questionnaire and Information Form in case Plaintiff wished to request an accommodation. Ms. Hicklin-Alsbrooks told Plaintiff that the form needed to be returned to the Human Resources Department by June 20, 2015. (D.E. 17-2, pp. 7-8; D.E. 17-12). On June 15, 2015, Ms. Hicklin-Alsbrooks sent Plaintiff another letter advising her that her FMLA leave had expired on June 12, 2015, and reminded Plaintiff that the ADA form needed to be returned by June 20, 2015. (D.E. 17-2, p. 9; D.E. 17-13).

On June 16, 2015, Plaintiff completed and returned her portion of the ADA accommodation request form to Ms. Hicklin-Alsbrooks. Plaintiff stated that she had given her treating physician his portion of the form on June 11, 2015 but that he had not yet completed the form. (D.E. 17-2, p. 6; D.E. 17-10). On the form, Plaintiff requested the following accommodations related to her chronic migraines:

1. If in the office and come down with symptoms, may need to leave;
2. If at home and having symptoms or medication side effects, may need to stay away from office;
3. I may need to leave office for Doctor's appointments or treatment therapies, or for medication at pharmacy;
4. I may need to avoid being in extreme temperatures for extended lengths of time.

(D.E. 17-10).

On June 19, 2015, Plaintiff's treating physician, Dr. Joseph Davis, completed the healthcare provider portion of the form and indicated that Plaintiff needed the following accommodation: "None." Dr. Davis also indicated, however, that Plaintiff may need medical leave "1 day per every 2 weeks or less." (D.E. 17-3, p. 4; D.E. 17-9, p. 2).

On June 24, 2015, Ms. Hicklin-Alsbrooks sent Plaintiff a letter indicating that based

3

on the medical information received from Plaintiff's doctor, the City would accommodate the ADA Reasonable Accommodations noted on the form by her doctor and that she was expected to return to work on Friday June 26, 2015. (D.E. 17-3, pp. 3-4; D.E. 17-8). Plaintiff did not return to work nor did she notify the City that she would be out of work or provide any medical note indicating that she could not return to work for some reason related to a disability or any other reason. (D.E. 17-2, pp. 11; D.E. 17-14).

On July 1, 2015, Plaintiff's supervisor, Sue Hyde, sent Plaintiff a Notice of Pre-Disciplinary Conference to be conducted on July 2, 2015, for a violation of the City's absence without leave policy. (D.E. 17-4, p. 4; D.E. 17-6). Following the pre-disciplinary conference, on July 6, 2015, Ms. Hyde sent Plaintiff a letter terminating her employment for violating the absence without leave policy. (D.E. 17-4, p. 5; D.E. 17-7). Pursuant to City policy, Plaintiff filed a grievance but did not show up for the hearing before the Personnel Committee and withdrew the grievance (D.E. 17-2, p. 12; Sue Hyde Affidavit, ¶ 11).

Separate from her request for accommodation that was sent to Ms. Hicklin-Alsbrooks, Plaintiff completed a Leave Without Pay Request form asking that she be granted additional leave between June 17, 2015, and July 16, 2017. Plaintiff did not give any reason for this request. Plaintiff sent the request to Ms. Hyde only on June 17, 2015. (D.E. 17-4, p. 5; D.E. 17-5; D.E. 17-2., p. 9; Hyde Affidavit, ¶ 4). The City's leave without pay policy states that the Department head may grant the leave if the absence of the employee will not severely restrict the mission of the Department. (Hyde Affidavit, ¶ 5). In this City, plaintiff was a member of the Engineering Department, with the department

4

mission being "to provide quality, innovative, and cost-effective consulting engineering services in a timely manner to the various departments of the City of Concord." (Hyde Affidavit, ¶ 5). At the time of plaintiff's request for leave, the Department was handling 48 active projects with only 3.5 full-time engineers. (Hyde Affidavit, ¶ 6).

The work items on the list of projects for the Department ranged from putting together bid packages, culvert design, water line design, site grading design, greenway design, NCDOT coordination, CORP of Engineers coordination, construction administration, engineering analysis, project coordination with consultants, grant compliance, sewer design, as-built review, easement acquisition, and writing requests for proposals for other departments. The loss of a project engineer in a department of only 3.5 full-time engineers meant that the other staff had to take on more projects which created slower delivery times of projects to the other departments. (Hyde Affidavit, ¶¶ 6-7). Furthermore, at the time of plaintiff's request, the City had informed the head of the Engineering Department that other "departments have shared concerns that Engineering projects are taking too long" and "the past 12 months have brought several department leaders to express concerns about projects falling behind that Engineering is coordinating". (Hyde Affidavit, ¶ 7)

At the time that plaintiff requested the 30-day leave of absence, the Engineering Department was in a position where it would not have been able to meet the mission and objective of the Department with one full-time staff person being unavailable for a month's time. As a result, plaintiff's request for leave was denied as allowed under City policy. (Hyde Affidavit, ¶ 8). On June 17, 2015, Ms. Hyde notified Plaintiff that she was unable

to grant the request because of the number of projects and other work in the Department and that Plaintiff was needed. (D.E. 17-4, p. 4; D.E. 17-5; Hyde Affidavit, ¶¶ 6-7). Plaintiff did not file a grievance of Ms. Hyde's decision regarding her request for leave.

Ms. Hyde posted the position in August of 2015 once the grievance process had been completed. By October of 2015, Ms. Hyde received ten applications and had conducted an interview to fill the position that was vacated by plaintiff. (Hyde Affidavit, ¶ 12).

## ARGUMENT

### Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted when the pleadings, responses to discovery, depositions, and declarations, if any, establish that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. *Schulze v. Meritor Automotive*, 163 F.Supp.2d 599, 608 (W.D.N.C. 2000). Once the moving party has met that burden, the nonmoving party has the burden of persuasion and must come forward with specific facts showing that there is a genuine issue for trial. *Schulze*, 163 F.Supp.2d at 608. In considering the evidence, all reasonable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### I. PLAINTIFF WAS GRANTED A REASONABLE ACCOMMODATION AND, THEREFORE, HER FAILURE TO ACCOMMODATE CLAIM MUST BE DENIED.

In the Memorandum in Support of Partial Summary Judgment, plaintiff claims that defendant violated the ADA by refusing to grant plaintiff's request set out in her Leave Without Pay Request form. To establish a *prima facie* case of failure to accommodate under the ADA, Plaintiff must show "(1) that she was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of her disability; (3) that with reasonable accommodation she could <u>perform</u> the essential functions of the position . . . ; and (4) that the [employer] **refused** to make such accommodations." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013) (citation omitted) (emphasis added). Here, in regard to plaintiff's request for 30 days of leave without pay, there is not sufficient evidence for plaintiff to establish the elements necessary for a failure to accommodate claim.

Instead, the evidence in this case demonstrates that plaintiff was actually provided with a reasonable accommodation. Importantly, plaintiff fails to explain that the City granted the accommodation recommended by plaintiff's doctor in the "Reasonable Accommodation Request Questionnaire and Information Form" submitted by plaintiff to the City separate and apart from plaintiff's request for 30 days of leave in the "Leave Without Pay Request" form. (D.E. 17-8; D.E. 17-9). Plaintiff also fails to explain that the Leave Without Pay Request form is a City policy separate from the reasonable accommodation request process and form used by the City. Furthermore, plaintiff provides no evidence in support of her contention that she would have been able to return back to work had the 30-day leave been granted. Finally, plaintiff did not state or mention in the Leave Without Pay request form that she was requesting the 30 days off for any medical

condition. (D.E. 17-5). As such, plaintiff's claim for failure to accommodate fails, and plaintiff's motion should be denied.

> **A. There is insufficient evidence to support Plaintiff's claim for failure to accommodate under the ADA because the evidence shows that Plaintiff was granted a reasonable accommodation based upon her doctor's recommendation.**

On June 16, 2015, plaintiff submitted the form entitled "Reasonable Accommodation Request Questionnaire and Information Form" to the Human Resources Department outlining her medical condition and requesting four separate accommodations. None of these requested accommodations included being out of work for the remainder of the month or even for a specific period of time. (D.E. 17-10). As part of this form, plaintiff provided documentation for her doctor to complete. When plaintiff's treating physician submitted his portion of the ADA accommodation request, he indicated that plaintiff <u>did not need any accommodation</u> but <u>may</u> need to be out of work one day out of every two weeks or less. (D.E. 17-9). Specifically, plaintiff's treating physician, Dr. Joseph Davis, completed the healthcare provider portion of the form and indicated that plaintiff needed the following accommodation: "None." Dr. Davis also indicated, however, that plaintiff may need medical leave "1 day per every 2 weeks or less." (D.E. 17-9). Subsequently, the City agreed to the accommodation recommendation of plaintiff's doctor and notified plaintiff of its agreement to the recommendation. (D.E. 17-8).

However, when the City notified plaintiff of the City's approval of the accommodation recommendation and the expectation that she return to work on June 26, 2015, plaintiff refused and failed to return to work. Again, plaintiff's request for

8

4810-5224-0995, v. 1

Case 1:17-cv-00299-CCE-JLW Document 20 Filed 04/30/18 Page 8 of 16

accommodation never included a request to be out of work for an extended period of time, and her treating physician did not recommend that course of action. (D.E. 17-10; D.E. 17-9). Furthermore, an employer is not required to accommodate an employee in any manner that the employee desires. *See Stewart v. Happy Herman's Cheshire Bridge Inc.,* 117 F.3d 1278 (11th Circuit 1997); *Lewis v. Zilog*, 908 F.Supp 931 (1995). However, in this situation, the City adopted an accommodation based upon plaintiff's doctor's recommendation, and as such, there is no evidence to support that it was the City that refused a reasonable accommodation for plaintiff. Therefore, plaintiff is unable to establish a prima facie case for failure to accommodate under the ADA, and her Motion for Partial Summary Judgment must be denied.

### B. Plaintiff's request for leave without pay was not a request for an accommodation pursuant to the ADA.

Plaintiff's claim also fails because her request made to her supervisor, Sue Hyde, on June 17, 2015, for 30 days of leave without pay was not made as a request for an accommodation related to some disability. The leave without pay request (D.E. 17-5) is separate and apart from the Reasonable Accommodation Request form (D.E. 17-9). The Request for Leave form is a different form than the one the City uses for employees seeking an accommodation, which plaintiff was aware of at the time she filled out the form.

Plaintiff completed the "Reasonable Accommodation Request Questionnaire and Information Form" on June 15, 2015, listing information about her alleged medical condition and requested accommodations. (D. E. 17-10). As part of the "Reasonable Accommodation Request Questionnaire and Information Form", plaintiff provided

9

extensive medical information and had her doctor complete a medical questionnaire portion of the accommodation request form. The City then granted the doctor's recommendation that plaintiff may need medical leave of "1 day per every 2 weeks or less". (D.E. 17-8). The request for accommodation form was submitted to and handled by the City's Human Resources Department.

On June 17, 2015, plaintiff sent the head of the Engineering Department, Sue Hyde, an email requesting a 30-day leave of absence without pay pursuant to the City's Personnel Policy. In the request for leave form, plaintiff did not give a reason for the request for leave nor did plaintiff list medical accommodations to support this request, which plaintiff admits in her brief. (D.E. 17-5; Hyde Affidavit, ¶ 4). Additionally, the leave without pay request form contained no representation from plaintiff that it was a request for an accommodation.

The City's leave without pay policy states that the Department head may grant the leave if the absence of the employee will not severely restrict the mission of the Department. (Hyde Affidavit, ¶ 5). In this case, plaintiff was a member of the Engineering Department, with its mission being "to provide quality, innovative, and cost-effective consulting engineering services in a timely manner to the various departments of the City of Concord." (Hyde Affidavit, ¶ 5). At the time of plaintiff's request for leave, the Department was handling 48 active projects with 3.5 full-time engineers. (Hyde Affidavit, ¶ 6).

The work items on the list of projects ranged from putting together bid packages, culvert design, water line design, site grading design, greenway design, NCDOT coordination, CORP of Engineers coordination, construction administration, engineering

analysis, project coordination with consultants, grant compliance, sewer design, as-built review, easement acquisition, and writing requests for proposals for other departments. (Hyde Affidavit, ¶ 7). The loss of a project engineer in a department of only 3.5 full-time engineers meant that the other staff had to take on more projects which created slower delivery times of projects to the other departments. Furthermore, at the time of plaintiff's request, the City had informed the head of the Engineering Department that other "departments have shared concerns that Engineering projects are taking too long" and "[T]he past 12 months have brought several department leaders to express concerns about projects falling behind that Engineering is coordinating". (Hyde Affidavit, ¶ 7)

At the time plaintiff requested the 30-day leave of absence, the Engineering Department was in a position where it would not have been able to meet the mission and objective of the Department with one full-time staff person being unavailable for a month's time and, as a result, plaintiff's request for leave was denied as allowed under City policy. (Hyde Affidavit, ¶ 8).

In her brief, plaintiff claims that the City did not participate in the interactive process concerning the 30-day leave request. However, the 30-day leave request to her Department Head was completely separate and different from plaintiff's request for accommodations that was handled by the HR Department. Regardless, the denial of the request was based on a legitimate non-discriminatory business reason. As Ms. Hyde explained in her affidavit, deposition, and in her email to plaintiff, the denial of the request was based solely on the work needs of the department. (Hyde Affidavit, ¶ 8) Further, there is no evidence that Ms. Hyde had any discriminatory animus. As such, plaintiff's claim fails, and her

11

Motion for Partial Summary Judgment must be denied.

### C. Plaintiff has no evidence to support an ability to perform the essential functions of her job after a 30-day leave of absence.

In the brief, plaintiff claims that the accommodation of 30 days of unpaid leave would have allowed her to perform the essential functions of her job. However, this claim contradicts plaintiff's own testimony about her medical conditions as well as contradicts the recommendations of her own doctor. More importantly, plaintiff is unable to cite in her brief to any factual evidence to support this assertion.

In her deposition testimony, plaintiff described her conditions as being chronic migraines and irritable bowel syndrome. (D.E. 17-2, p. 5). Plaintiff did not indicate that she had any condition that would completely heal or resolve with a month of rest nor did her doctor recommend that she needed a 30-day leave of absence from work for any of her medical conditions. (D. E. 17-9). In the request for an accommodation form, plaintiff's treating physician, Dr. Joseph Davis, completed the healthcare provider portion of the form and indicated that Plaintiff needed the following accommodation: "None." Dr. Davis did indicate, however, that Plaintiff may need medical leave "1 day per every 2 weeks or less." (D.E. 17-9). There was no indication that plaintiff needed 30 days of unpaid leave as an accommodation. There is no evidence to support that her medical conditions would have been resolved with a 30-day leave of absence. There is no evidence to support that she would have been able to return to work if she had been granted a 30-day leave of absence. As such, plaintiff is unable to establish all elements necessary for a claim for failure to accommodate, and plaintiff's motion must be denied.

12

4810-5224-0995, v. 1

Case 1:17-cv-00299-CCE-JLW   Document 20   Filed 04/30/18   Page 12 of 16

## II. THERE IS NO EVIDENCE TO DISPUTE THAT THE GRANTING OF 30 DAYS OF UNPAID LEAVE WOULD HAVE CREATED AN UNDUE BURDEN ON THE CITY.

Even if plaintiff could establish the elements of her failure-to-accommodate claim, which is again denied, plaintiff still has no evidence to dispute that the proposed accommodation of granting plaintiff 30 days of leave would have been an undue hardship on the City.

In a failure to accommodate claim, the employer can avoid liability if it can show that the proposed accommodation will cause undue hardship. *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 414 (4th Cir. 2015) (internal quotation marks omitted). The burden of identifying an accommodation that would allow a qualified individual to perform the job rests with the plaintiff, as does the ultimate burden of persuasion in demonstrating that such an accommodation is reasonable. *Id*. Once the plaintiff has met his burden of proving that a reasonable accommodation exists, the employer may present evidence that the plaintiff's requested accommodation imposes an undue hardship on the employer. *Id*.; *see* 42 U.S.C. § 12112(b)(5)(A).

Here, plaintiff was a member of the Engineering Department, which was handling 48 active projects with 3.5 full-time engineers. (Hyde Affidavit, ¶ 6). The work items on the list of projects ranged from putting together bid packages, culvert design, water line design, site grading design, greenway design, NCDOT coordination, CORP of Engineers coordination, construction administration, engineering analysis, project coordination with consultants, grant compliance, sewer design, as-built review, easement acquisition, and writing requests for proposals for other departments. (Hyde Affidavit, ¶ 6). The loss of a

13

4810-5224-0995, v. 1

Case 1:17-cv-00299-CCE-JLW   Document 20   Filed 04/30/18   Page 13 of 16

project engineer in a department of only 3.5 full-time engineers meant that the other staff had to take on more projects which created slower delivery times of projects to the other departments. Furthermore, at the time of plaintiff's request, the City had informed the head of the Engineering Department that other "departments have shared concerns that Engineering projects are taking too long" and "[T]he past 12 months have brought several department leaders to express concerns about projects falling behind that Engineering is coordinating". (Hyde Affidavit, ¶ 7)

At the time of plaintiff's request, the department did not have enough full-time engineers to adequately cover for plaintiff's requested 30-day leave of absence. Thus, her request would have resulted in an undue burden upon her employer. As such, plaintiff's claim fails and plaintiff's Motion for Partial Summary Judgment must be denied.

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that Plaintiff's Motion for Summary Judgment be denied and that all of Plaintiff's claims against them in this action be dismissed with prejudice.

Respectfully submitted this the 30th day of April, 2018.

                              CRANFILL SUMNER & HARTZOG LLP

                              BY: /s/ Patrick H. Flanagan
                                    PATRICK H. FLANAGAN
                                    State Bar No. 17407
                                    Attorneys for Defendants
                                    Post Office Box 30787
                                    Charlotte, North Carolina 28230
                                    Telephone (704) 332-8300
                                    Facsimile (704) 332-9994
                                    Email: phf@cshlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 30th, 2018, I electronically filed the foregoing *Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

>Kirk J. Angel
>kirk@theangellawfirm.com
>*Attorney for Plaintiff*
>
>Maranda J. Freeman
>freemanmj@concordnc.gov
>*Attorney for Defendant*

>**CRANFILL SUMNER & HARTZOG LLP**
>
>BY:    /s/Patrick H. Flanagan
>       PATRICK H. FLANAGAN, State Bar #17407
>       *Attorney for Defendant*
>       Post Office Box 30787
>       Charlotte, North Carolina 28230
>       Telephone: (704) 332-8300
>       Facsimile: (704) 332-9994
>       phf@cshlaw.com

15

4810-5224-0995, v. 1

Case 1:17-cv-00299-CCE-JLW   Document 20   Filed 04/30/18   Page 15 of 16

## CERTIFICATE OF WORD COUNT

The undersigned certifies that the forgoing *Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment* contains 3,963 words and that it complies with Local Rule 7.3(d)(1).

**CRANFILL SUMNER & HARTZOG LLP**

BY:   /s/Patrick H. Flanagan
PATRICK H. FLANAGAN, State Bar #17407
*Attorney for Defendant*
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
phf@cshlaw.com