IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JANA CHURCHWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:17-CV-00299 |
| ) | |
| CITY OF CONCORD, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT**

COMES NOW Plaintiff Jana Churchwell, ("Plaintiff" or "Churchwell"), by and through undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, files this Reply to Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment. In support of this Plaintiff's Motion for Partial Summary Judgment, Plaintiff would show as follows:

**ARGUMENT**

In its response, Defendant argues that Plaintiff was granted a reasonable accommodation, that her leave without pay request was not a request for an accommodation, and that Plaintiff would not have been able to perform the essential functions of her job following a 30-day leave of absence if she had been granted one. However, Defendant's argument ignores the fact that the 30-day leave was a reasonable accommodation and that the record reflects that Plaintiff could have returned back to work within the 30 days. Defendant has continuously treated Plaintiff's request for a 30-day unpaid leave of absence, which was denied by Sue Hyde, as if it were not a request for a reasonable accommodation. Plaintiff was terminated solely due to her excessive

1

absences, which would not have occurred had she been granted the 30 day leave of absence. During the period of time that would have been covered by Plaintiff's 30 day leave of absence request, she was seen by one of her physicians and received two new medications that helped her IBS, as well as an additional prescription medication and an alternate treatment for her migraines (Churchwell 115-118). Plaintiff's medical conditions did improve and she would have been able to return to work following the requested leave period (Churchwell Dec. ¶ 7-8).

Defendant further argues that Plaintiff would not have been able to perform the essential functions of her job following a 30-day leave of absence if she had been granted one. Per Defendant's policies, an employee can request a 30-day leave of absence (Hyde 40-41). Plaintiff requested the leave of absence as her FMLA was running out. Defendant did not engage with Plaintiff to determine what accommodations she might need upon her return to work, nor did it engage with her to determine why she needed the 30-day leave of absence. Defendant's argument in its response brief is effectively that Plaintiff failed to include the request for time off in her initial written request for accommodation and did not specifically ask for the 30 day leave as an accommodation. However, it has long been accepted that there is no need for a written request or any necessary "magic language" to invoke the right to an accommodation which includes the obligation to engage in the interactive process. Parkinson v. Anne Arundel Med. Ctr., 79 Fed. Appx. 602, 604 (4th Cir. 2003)(unpublished). Plaintiff specifically advised Defendant that her request for leave was directly due to her current medical hardship (Churchwell Ex. 6). As such, the burden was on Defendant to engage in the interactive process. Jacobs v. N.C. Admin. Off. of the Courts, 780 F.3d 562, 581 (4th Cir. 2015). There is no evidence in the record to Defendant engaged in the interactive process as to Plaintiff's request for 30 days leave. Therefore, Defendant has violated the reasonable accommodation provisions of

the ADA.

    Defendant claims that in granting Plaintiff's request for a 30 day leave of absence, it would have created an undue burden for them. Plaintiff's request for leave was solely denied because of the lack of full time engineers they would have been left with had they granted her request, and that they did not employ enough full-time engineers to adequately cover the duties that Plaintiff's request would leave. However, Plaintiff was terminated on July 5, 2015, less than one month after submitting her leave of absence request. Defendant did not post for a replacement for Plaintiff's position until August 2015, and her replacement did not actually begin employment until 2017 (Hyde 45). This left Defendant with the number of employees and workload it claims it could not manage with for at least one year, making their reasoning behind denying Plaintiff's leave of absence request false and not creating an undue burden for Defendant.

    WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting Partial Summary Judgment in her favor, as there exist no genuine issues of material fact in this matter and she is entitled to Summary Judgment on her claim of failure to provide a reasonable accommodation.

    Respectfully submitted this the 14th day of May, 2018.

**CERTIFICATE OF WORD COUNT:**

I hereby certify that this Reply contains less than 3,125 words, in compliance with Local Rule 7.3(d).

        THE ANGEL LAW FIRM, PLLC

        /s/ KIRK J. ANGEL
        Kirk J. Angel NCSB# 33559
        THE ANGEL LAW FIRM, PLLC
        109 N Church Street
        Concord NC 28025
        PO Box 1296 (28026)
        Telephone: 704.706.9292
        Facsimile: 704.973.7859
        e-mail: kirk@mailalf.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JANA CHURCHWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:17-CV-00299 |
| ) | |
| CITY OF CONCORD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>May 14 , 2018</u>, I electronically filed the foregoing "Plaintiff's Reply in Support of Motion for Partial Summary Judgment" with the Clerk of the Court using the CM/ECF system which will send notice to the following:

Patrick H. Flanagan
Cranfill Sumner & Hartzog LLP
2907 Providence Road
Suite 200
Charlotte NC 28211
Telephone:  704.940.3419
E-mail: phf@cshlaw.com

Maranda J. Freeman
City of Concord
35 Cabarrus Ave. W
Concord NC 28026
Telephone: 704.920.5119
E-mail: freemanmj@concordnc.gov

/s/ KIRK J. ANGEL
Kirk J. Angel NCSB#  33559
THE ANGEL LAW FIRM, PLLC
PO Box 1296 (28026)
109 N Church Street
Concord NC 28025
Telephone: 704.706.9292
Facsimile:   704.973.7859
e-mail:  kirk@mailalf.com

5